**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROMELL CUMMINGS,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES<br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 22-2251 (CKK) |

## MEMORANDUM OPINION

On March 25, 2022, plaintiff filed a cryptically worded *pro se* Complaint in the Superior Court of the District of Columbia against the U.S. Department of Justice (DOJ), ECF No. 1-2. On August 1, 2022, defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.[1] Not. of Removal, ECF No. 1. Pending is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, the motion will be granted.

## I. BACKGROUND

In the signed form Complaint, plaintiff alleges the following:

> On April 26, 2021[,] I attempted to acc [sic] DC Superior Court to file an appeal but was prevented from entering the court building by security. On July 28, 2021[,] I was told that I was no longer allowed to access Vida gym by Vin Testa. My membership at Vida is an employment benefit, therefore this action is in violation. On this same date, I realized that I had not received reimbursement of my DOJ-OJP fitness benefit.

[1] Section 1442(a)(1) authorizes the United States, its agencies, and federal employees to remove to federal district court a civil action commenced against them "in a State court," *id.*, which includes D.C. Superior Court, 28 U.S.C. § 1442(d)(6). Section 1446 sets out the "Procedure for removal of civil actions."

*Id.* ¶ 1. In the relief section of the Complaint, Plaintiff requests "Reimbursement. Appeal of EEO Case [Number] and compensatory/punitive damages." *Id.* ¶ 2. Defendant describes the Complaint as "one for employment discrimination" but posits that "it makes no coherent or cognizable employment claim." Mot. to Dismiss, ECF No. 5 at 1.

In response to defendant's motion to dismiss, plaintiff asserts that this removed action is "still an open case" on summary judgment in D.C. Superior Court.[2] Mot. to Vacate Dismissal, ECF No. 14 at 1. In a subsequent motion, plaintiff "request that" this Court "enter summary judgment having been filed in D.C. Superior Court on March 25, 2022 . . . in conjunction with EEOC Case [Number] due to the severed case not having been called to hearing." Mot., ECF No. 16 at 1. In addition, plaintiff requests an "order" for "this case to [go] to the Supreme Court of the United States for denial of public accommodations at DC Superior Court on April 26, 2021." *Id.* In yet another filing, plaintiff states that he is "a federal public official (past). I also have imminent danger considerations that require protection. Please include these considerations in my record, and take the appropriate actions immediately." Mot., ECF No. 17. Finally, plaintiff has filed a "Motion to Cloture Email Containing MLK Notes," ECF No. 18, a "Motion – Cloture FOIA #23-FOIA-00283," ECF No. 19, a "Motion to Cloture Voicemail from Rev. Amos Brown," ECF No. 20, and a "Motion Electronic Due Process/Public Accommodations," ECF No. 21, seeking to "remove all barriers to electronic access to my case" and all barriers "to telephonic access to the courts[.]"[3]

---

[2] *But see* 28 U.S.C. § 1446(d) (upon removal of a civil action, "the State court [can] proceed no further unless and until the case is remanded").

[3] On October 21, 2022, the Court denied plaintiff's motion to file electronically because he had not satisfied the requirements for obtaining a CM/ECF password. *See* Order, ECF No. 13. The denial was "without prejudice to reconsideration of a renewed motion that complies fully with Local Civil Rule 5.4(b)." *Id.* Because plaintiff filed no such motion, his access, like all other *pro*

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (stating that a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). As such, a court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject-matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).

"Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). Moreover, a

---

*se* filers lacking a password, is to "file with the Clerk and serve documents in paper form" and to be "served with documents in paper form[.]" LCvR 5.4(e)(2).

court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted). And ultimately, it remains the plaintiff's burden to prove subject-matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. U.S. Env't Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

## III. DISCUSSION

Defendant argues that dismissal is necessitated by the derivative jurisdiction doctrine. *See* Mem., ECF No. 8 at 6-7. The Court agrees.

The doctrine of derivative jurisdiction traces its heritage to the near century's old pronouncement of the Supreme Court that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co*., 258 U.S. 377, 382 (1922). Traditionally stated, the doctrine provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (citations omitted); *see also Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014). Therefore, the operative question under the derivative jurisdiction doctrine is whether the state court from which the pending complaint was removed originally possessed jurisdiction over that civil action. *See Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) ("[M]y jurisdiction over Ms. Day's claims depends on whether the Superior Court of the District of Columbia has jurisdiction to hear Title VII claims against federal employers."). If not, then the federal court cannot "derive" any jurisdiction from that state court upon removal, and dismissal is required. *See Merkulov*, 75 F.

Supp. 3d at 129 ("[U]nder the doctrine of derivative jurisdiction, a Federal court must dismiss a case if the State court lacked jurisdiction over the original claim.").

"Admittedly, the justification for this derivative jurisdiction doctrine is 'hardly obvious,' and the doctrine has faced considerable scrutiny from courts and commentators alike[.]" *Robinson v. United States Dep't of Health & Hum. Res.*, No. 21-cv-1644 (CKK), 2021 WL 4798100, at *3 (D.D.C. Oct. 14, 2021) (quoting *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020) (other citations omitted)); *see id.* (criticizing "the circuitous barrier the doctrine presents" especially to *pro se* litigants "who may not be well-versed in the technicalities of civil procedure or federal jurisdiction"). But while Congress has eliminated the doctrine altogether for cases removed under the general federal removal statute, *see* 28 U.S.C. § 1441(f); *Palmer v. City Nat. Bank, of W. Virginia*, 498 F.3d 236, 245 (4th Cir. 2007) (describing 1985 and 2002 amendments to § 1441), it has made no such parallel amendment to § 1442. *See Merkulov*, 75 F. Supp. 3d at 130 (explaining that Congress did not abrogate the derivative jurisdiction doctrine through an amendment to § 1442). So, district courts in this jurisdiction have consistently found that the derivative jurisdiction doctrine still applies to cases against federal agencies that are removed *solely* under § 1442(a).[4] *Cf. Cobb v. United States*, No. 21-cv-2419 (CKK), 2022 WL 2046109, at *2 (D.D.C. June 7, 2022), citing *Charles v. United States*, No. 21-0864 (CKK), 2022 WL 558181 (D.D.C. Feb. 24, 2022) (reaffirming holding in *Charles* that "derivative jurisdiction is a

---

[4] *See Falice v. O'Brien*, No. 18-cv-2946 (CKK), 2020 WL 6146623, at *3 (D.D.C. Oct. 20, 2020); *Woods v. Hawk-Sawyer*, No. 20-cv-1152 (TFH), 2020 WL 6146876, at *2 (D.D.C. Oct. 20, 2020); *James v. United States Postal Serv.*, 484 F. Supp. 3d 1, 4 (D.D.C. 2020); *Farmer v. Disability Program Manager*, No. 19-cv-01731 (TNM), 2020 WL 2571521, at *2 (D.D.C. May 21, 2020); *Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019); *Day*, 308 F. Supp. 3d at 142; *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017); *Merkulov*, 75 F. Supp. 3d at 130; *Cofield v. United States*, 64 F. Supp. 3d 206, 215 (D.D.C. 2014); *McKoy-Shields v. First Washington Realty, Inc.*, No. 11-cv-01419 (RLW), 2012 WL 1076195, at *2 (D.D.C. Mar. 30, 2012).

'non-issue' where 28 U.S.C. § 2679(d)(2) independently confers removal jurisdiction upon a [tort] complaint removed to federal court through a Westfall declaration"). And while the D.C. Circuit has not weighed in, other federal circuit courts have upheld application of the derivative jurisdiction doctrine to cases removed under § 1442.[5] The doctrine's persistence is ultimately grounded in longstanding Supreme Court precedent that generally retains its continued vitality absent any Congressional intervention to the contrary. *See State of Minnesota v. United States*, 305 U.S. 382, 388-89 (1939) ("Where jurisdiction has not been conferred by Congress, no officer of the United States has power to give to any court jurisdiction of a suit against the United States.").

Because plaintiff's complaint was removed from D.C. Superior Court under 28 U.S.C. § 1442(a), this Court must assess its jurisdiction by asking whether D.C. Superior Court possessed subject-matter jurisdiction at the time of removal. For the reasons explained next, the answer is no.

Plaintiff's references to the Equal Employment Opportunity Commission (EEOC) suggest, at best, a claim against DOJ for employment discrimination.[6] The "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be

---

[5] *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1321–22 (11th Cir. 2021) (citing Third, Fourth, Fifth, and Seventh Circuit cases); *Rodriguez v. United States*, 788 Fed. App'x 535, 536 (9th Cir. 2019).

[6] Neither the complaint nor plaintiff's incoherent motions, *see supra* at 2, provide notice of any other claim against DOJ. Even so, federal courts "are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (cleaned up).

sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). "To bring a claim against the United States, a plaintiff must identify an unequivocal waiver of sovereign immunity[,] and [c]ourts are required to read waivers of sovereign immunity narrowly and construe any ambiguities . . . in favor of immunity." *Franklin-Mason v. Mabus*, 742 F.3d 1051, 1054 (D.C. Cir. 2014) (citation omitted)). A waiver of sovereign immunity "must be unequivocally expressed in statutory text[,]" *Lane v. Pena*, 518 U.S. 187, 192 (1996), and "'it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought[,]'" *Franklin-Mason*, 742 F.3d at 1054 (quoting *Minnesota*, 305 U.S. at 388). "[S]tate courts do not have presumptive jurisdiction to decide suits against the United States." *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012).

It is established that "the Civil Service Reform Act of 1978 ["CSRA"], Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), and related employment statutes," are exclusive avenues for federal employees seeking redress of employment disputes. *Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1010 (D.C. Cir. 2009). Title VII of the Civil Rights Act, governing employment discrimination claims, waives the United States' immunity

> by authorizing a federal employee who has exhausted his administrative remedies to "file a civil action as provided in section 2000e–5 of this title" against "the head of the department, agency, or unit" by which he is employed. . . . But this waiver is subject to the provisions of 42 U.S.C. § 2000e–5(f) through (k). 42 U.S.C. § 2000e–16(d). Section 2000e–5(f) clarifies the scope of the waiver by specifying which courts shall have jurisdiction over Title VII claims. It states, "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e–5(f).

*Day*, 308 F. Supp. 3d at 142; *cf. Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019) (explaining that the Rehabilitation Act adopts the jurisdictional provisions of Title VII and thus confers original jurisdiction in "[e]ach United States district court," which the "District's Superior Court is not"). Therefore, sovereign immunity applies to plaintiff's liberally construed employment discrimination claim because "the United States has not expressly consented to suit under Title VII in state courts." *Robinson*, 2021 WL 4798100, at *4 n.5.

Because D.C. Superior Court "never acquired jurisdiction over either the subject matter [Title VII violations] or [DOJ] as a United States [employing] agency," *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017), this Court can acquire none from the removal under § 1442. Consequently, this case will be dismissed without prejudice to preserve plaintiff's ability to file an original action in an appropriate federal court.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants defendant's motion to dismiss under Rule 12(b)(1). A separate Order accompanies this Memorandum Opinion.

__________/s/__________________
COLLEEN KOLLAR-KOTELLY
United States District Judge

Dated: July 6, 2023